IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALICIA MARTINEZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-1254-RP |
| CAVCO INDUSTRIES, INC., | § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant Cavco Industries, Inc.'s ("Cavco") Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 9). Having considered the parties' submissions, the record, and the applicable law, the Court will grant Defendants' motion.

**I. BACKGROUND**

This case arises from the alleged wrongful termination of Plaintiff Alicia Martinez ("Martinez"). She filed her original complaint on November 29, 2022. (Dkt. 1). In her complaint, Martinez alleges the following: Martinez worked for Cavco as a Hookup Electrician from 2011 to December 4, 2020. (Compl., Dkt. 1, at 2). Prior to December 2020, she had been "a productive employee with no significant disciplinary history." (*Id.*).

Martinez alleges she has a "serious heart condition (including atrial fibrillation)," for which she occasionally needed time off to go to doctor's appointments. (*Id.*). According to Martinez, on December 3, 2020, she informed her Team Lead she was not feeling well due to her heart condition and asked to leave work early. (*Id.*). The Team Lead originally agreed to let her go home on the condition that she worked a different day, but later told her she had missed too many days of work due to her health and terminated her employment. (*Id.*). Martinez spoke to Bill Birch ("Birch"), the

1

Production Manager, and told him she had been terminated. (*Id.*). Birch told Martinez to wait in the break room. (*Id.*). While Martinez waited, a different supervisor heard of her termination and told her that she could go home, he would speak to the Team lead, and they could speak about the issue the next day. (*Id.* at 3). Martinez claims that the following day, both supervisors informed her that she was being terminated due to attendance issues. (*Id.*). Martinez called Defendant's Human Resources Department, and they confirmed that Birch had said Martinez should be terminated. (*Id.*).

Based on these allegations, Martinez asserts claims under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code § 21.001 et seq.; and the Family and Medical Leave Act, 29 U.S.C. § 2615(a), (b). (*Id.* at 3–5). Cavco filed a motion to dismiss each of the claims against it under Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss, Dkt. 7).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

Martinez asserts claims under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; the TCHRA, Texas Labor Code § 21.001 et seq.; and the Family and Medical Leave Act, 29 U.S.C. § 2615(a), (b). (Compl., Dkt. 1, at 3–5). In its motion to dismiss, Cavco argues that Martinez's claims should be dismissed because she has failed to state a claim under any of the three statutes she cites. According to Cavco, Martinez fails to allege that she has either: (1) a condition that impairs a major life activity, or (2) a "serious health condition," as required by these statutes, respectively. (*Id.* at 1). As to her ADA claim, Cavco also argues that Martinez has pled no facts that establish she was terminated because of her disability, or that Cavco failed to grant her

3

accommodations. (*Id.* at 4–9). As to her FMLA retaliation claim, Cavco argues that Martinez's claim fails because she failed to request FMLA leave. (*Id.* at 10).

### A. Martinez Has Not Pled a Qualifying Disability Under the ADA

1. Physical Impairment that Substantially Limits

A plaintiff bringing an ADA discrimination claim must plead that: "(1) [she] is disabled within the meaning of the ADA; (2) [she] is qualified to perform the essential functions of [her] job either with or without reasonable accommodations; and (3) [she] has suffered from an adverse employment action because of his disability. *Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 707 (E.D. Lou. 2013) (citing *Kemp v. Holder*, 610 F.3d 231, 235 (5th Cir. 2010)). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Identifying a medical condition is not sufficient; plaintiff must allege that the ailment impacted a major life activity. *Hale v. King*, 642 F.3d 492, 501 (5th Cir. 2011). For example, in *Hale v. King*, the plaintiff alleged he suffered from certain medical conditions, such as chronic back pain and Hepatitis-C, and provided some medical records related to his conditions. *Id.* at 499–502. The court held that the plaintiff failed to allege he was disabled under the ADA. *Id.* The plaintiff had not alleged that his conditions impacted his ability to perform any major life activities, and the court explained that this was insufficient under the ADA. *Id.*

Martinez alleges she "has a serious heart condition (including atrial fibrillation) which requires occasional doctor's appointments or time off." (Compl., Dkt. 1, at 2). Plaintiff does not include any additional details about her condition, such as the frequency or severity of her symptoms. Instead, her response cites a description of atrial fibrillation in *Austin v. Washington Metro. Area Transit Auth.*, No. 19-CV-2718 (DLF), 2020 WL 2962609, at *3 (D.D.C. May 28, 2020)

(describing atrial fibrillation and citing to declarations in the record). But unlike the plaintiff in *Austin*, Martinez does not identify any major life activities in which she is substantially limited. *Id.* at *3 ("Morgan's conditions 'are physical impairments that substantially limit . . . .'"). The Court cannot reasonably infer either the severity of Martinez's condition or any possible limitations based on descriptions that were not part of Martinez's pleadings and that appear in a different, unrelated opinion that simply quoted from the record.

## 2. Regarded As Having an Impairment

Martinez also contends that, even if she is not disabled, Cavco "perceived [her] as having an impairment" (Resp., Dkt. 22, at 3 (citing *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 230 (5th Cir. 2015)). Martinez pled that on the day she was fired, she informed the Team Lead she was not feeling well due to her heart condition, and that she had let the Team Lead know of her doctor's appointments in the past. (*Id.*). According to Martinez's complaint, Cavco fired her because "she was missing too many days due to her health." (Compl., Dkt. 1, at 2–3). Martinez argues that the firing and the reasoning given by Cavco show that she was perceived as having a disability.

In support of her argument, Martinez cites *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 230–31 (5th Cir. 2015). In *Burton*, the employer fired the plaintiff shortly after she filed a workers' compensation claim. *Id.* at 225–26. The employer claimed it did not know that the plaintiff had a serious condition, but it conceded it knew that the plaintiff had suffered chest pains at work and visited the emergency room due to heart palpitations caused by an on-the-job accident. *Id.* at 225. The district court granted summary judgment in the employer's favor. *Id.* at 226. On appeal, the Fifth Circuit held that the employer's knowledge was enough to raise a question of fact as to whether the employer perceived the plaintiff as having a disability. *Id.* at 230. The evidence showed that the employer had been informed by supervisors of the plaintiff's limitations, including her need

to "sit down for a bit," "chest pains," and "trouble sleeping." *Id.* at 231. Based on this, among other arguments, the Fifth Circuit reversed the district court's order in part. *Id.* at 222.

Plaintiff argues she has pled, like the employer in *Burton*, that Cavco knew of her condition and fired her because of it (Resp., Dkt. 22, at 3–4). The Court disagrees. In *Burton*, the court found that the employer knew of plaintiff's disability because plaintiff had suffered severe symptoms at work and the employer and supervisors had discussed some of her limitations. Here, Martinez pleads only that she told her supervisor that "she did not feel well due to her heart condition." (Compl., Dkt. 1, at 2). She has not pled that Cavco knew her appointments or her time off were related to her heart condition, or that Cavco was aware of the severity of the condition. The Court cannot infer that Cavco knew that the heart condition she mentioned the day she was fired was more than a transitory or minor condition. 42 U.S.C. § 12102 (exempting transitory and minor impairments).

In short, for the reasons stated above, the Court finds that Martinez has not pled she has a disability under the ADA. Accordingly, it will dismiss her ADA claim.

### B. Martinez Has Not Properly Plead an FMLA Claim

Under the FMLA, any "eligible employee of a covered employer has the right to take unpaid leave for a period of up to 12 workweeks in any 12–month period when the employee has 'a serious health condition that makes [him or her] unable to perform the functions of [his or her] position.'" *Campos v. Steves & Sons, Inc.*, 10 F.4th 515 (5th Cir. 2021) (quoting *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998) (alterations in original) (quoting 29 U.S.C. § 2612(a)(1)(D))). The FMLA also prohibits retaliation against employees who engaged in an activity protected by the FMLA, such as taking FMLA leave. *Id.* (citing *Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 580 (5th Cir. 2006)). To properly plead a claim for retaliation, Martinez must plausibly allege, among other things, that "she gave notice or requested leave under the FMLA." *Rojas v. City of Grand Prairie*, No.

6

3:18-CV-1776-K, 2019 WL 1115052, at *5 (N.D. Mar. 11, 2019) (citing *Caldwell v. KHOU-TV*, 850 F.3d 237, 245–46 (5th Cir. 2017).

If an employee seeks to take a foreseeable absence, the FMLA requires employees to provide an employer with at least thirty days of advance notice. 29 C.F.R. § 825.302. For unforeseeable absences, employees must provide an employer with notice "as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. § 825.303(a); *Satterfield v. Wal–Mart Stores, Inc.*, 135 F.3d 973, 977 (5th Cir.1998). "When an employee seeks leave for the first time for a FMLA– qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA." 29 C.F.R. § 825.303(b).

Plaintiff argues that employers have the burden of inquiring further if they need more information to clarify whether FMLA leave is being sought. (Resp., Dkt. 11, at 8). However, the employer need not "investigate whether FMLA-leave is appropriate each time an employee" is "not feeling well" unless the notice and circumstances make it evident that an FMLA-qualifying reason may apply. *Satterfield*, 135 F.3d at 980–81 (holding that employer was not required to investigate for potential FMLA leave when employee stated she would be absent because she had been having "pain in her side' and was "sick"). "The critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Greenwell v. State Farm Mut. Auto Ins. Co.*, 486 F.3d 840 (5th Cir. 2007) (quoting *Satterfield*, 135 F.3d at 977 (internal quotations omitted)).

Here, Martinez has not sufficiently pled that she provided Cavco with the requisite notice. Martinez further claims that she has "a serious heart condition (including atrial fibrillation,)" but she fails to plead that she informed Cavco of this condition prior to December 3, 2020, or of its severity on that day or any of her other requests for time off. (Compl., Dkt. 1, at 2). She claims that her health condition "requires occasional doctor's appointments or time off" and that she would notify

the Team Lead of her appointments and provide doctor's notes upon her return, (*id.*), but her complaint does not describe the alleged content of her previous notifications or the doctor's notes. Without those allegations, it is not apparent on the face of the complaint that Martinez's statements provided enough information to "sufficiently apprise" Cavco that she needed "to take time off for a serious health condition." *Satterfield*, 135 F.3d at 977. Therefore, the Court will dismiss her FMLA claim.

### C. Leave to Amend

In her response, Martinez requested leave to amend. (Resp., Dkt. 11, at 9; Proposed Am. Compl., Dkt. 11-1). Cavco did not file a reply opposing the amendment. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(2).  Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

There is no substantial reason to deny leave to amend. This will be Martinez's first amendment. There is no evidence that an amendment would be futile. Finally, there is no evidence that an amended complaint would cause undue delay or prejudice to Cavco, or that the leave to amend is sought in bad faith or for dilatory motives. For these reasons, the Court will grant Plaintiff leave to amend.

## IV. CONCLUSION

For these reasons, the Court **IT IS ORDERED** that Defendant Cavco Industries, Inc.'s Motion to Dismiss, (Dkt. 9), is **GRANTED**. Plaintiff's Original Complaint, (Dkt. 1), is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff Alicia Martinez's motion for leave to amend her complaint, (Dkt. 11), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Plaintiff's Amended Complaint, (Dkt. 11-1).

**SIGNED** on July 24, 2023.

*/s/ Robert Pitman*

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE